IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GABRIEL TORRES,                           No. CIV S-08-2796-JAM-CMK-P

        Plaintiff,

   vs.                                    FINDINGS AND RECOMMENDATIONS

FAIRFIELD P.D. #4803,

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On December 2, 2008, the court directed petitioner to submit either a completed application for leave to proceed in forma pauperis or the full filing fee for this action within 30 days. Petitioner was warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 11-110. On January 15, 2009, plaintiff was ordered to show cause in writing, within 30 days, why this action should not be dismissed for his failure to resolve the fee status for this case. To date, petitioner has failed to comply with the court's original order, and has failed to respond to the order to show cause.

/ / /

1 | The court must weigh five factors before imposing the harsh sanction of
2 | dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
3 | U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's
4 | interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
5 | the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
6 | their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran,
7 | 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an
8 | appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
9 | See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is
10 | appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421,
11 | 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to
12 | comply with an order to file an amended complaint. See Ferdik v. Bonzelet, 963 F.2d 1258,
13 | 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of plaintiff's failure to resolve the fee status for this case as directed, and his failure to respond to the order to show cause, the court finds that dismissal of this action is appropriate.

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

///
///
///

1 | Findings and Recommendations."  Failure to file objections within the specified time may waive
2 | the right to appeal.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 5, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE